TORBERT, Chief Justice
(dissenting):
I respectfully dissent.
The majority relies upon City of Tuskegee v. Sharpe, 292 41a. 14, 288 So.2d 122 (1973), for the proposition that in construing a grant of power to a municipality, the rule of strict construction applies so that if *284 there is a reasonable doubt as to the existence of the power, the doubt should be resolved against the asserted power. The majority then concludes that if a reasonable doubt existed as to Selma’s power to execute the second deed, the doubt must be resolved against such execution. However, the issue presented in Tuskegee was whether Act No. 843, 1953 Acts, empowering a city to convey real property also granted to the city the power to enter into an option contract to sell real property owned by it. Id. 292 Ala. at 18, 288 So.2d 125.
Act No. 843 provided in pertinent part as follows:
AN ACT
Relating to the powers of municipalities: to authorize the governing body of any city or town to alienate municipal property which is not needed for public or municipal purposes.
Be It Enacted by the Legislature of Alabama:
Section 1. The governing body of any city or town in this state may, by ordinance to be entered on its minutes, direct the disposal of any real property, not needed for public or municipal purposes, and direct the mayor to make title thereto; and a conveyance made by the mayor in accordance with such ordinance invests the grantee with the title of the municipality.
The court stated that an option is not a sale of land nor an agreement to sell land; it is only the right or privilege to buy within a certain period of time at a certain price. The court stated:
Granting to another an option to purchase land owned by the city is not an alienation of the land. Such an option is not a disposition of the property. The option is “neither a sale nor an agreement to sell ... . ” The owner parts with his right to sell, except to the op-tionee at his election, for a period. The option is not a contract of sale.
292 Ala. at 26-27, 288 So.2d at 133-34.
Therefore, the court found that an option is not a sale, conveyance, or disposition of property, and the court concluded that an option, by its nature, was not within the power granted to the city by the act. Accordingly, the city was not granted the power to give an option.
In the instant case, Selma was granted the power to convey its entire interest by fee simple deed. Expressly included within this power was the alternative of conveying less than full title (retaining a reversion). Therefore, this is not a situation, as in Tuskegee, where the municipality was not granted the power exercised. Only the mode or manner of exercising the power is questioned. Thus, the rule of strict construction as announced in Tuskegee is inapplicable because the legislature granted the power to convey fee simple title. The problem, then, becomes one of statutory construction to determine legislative intent.
The legislature intended to grant Selma the power to execute a fee simple deed conveying full title. It also parenthetically authorized the city to convey less than full title in its discretion and to retain a reversion. The essence of the problem is not how many conveyances were authorized, but what power, or more specifically, what interest was Selma empowered to convey? The answer is that it was expressly empowered to convey full title which it ultimately did.
I would hold that the execution of the first deed conveying less than full title did not exhaust Selma’s power to convey full title to the property should it see fit to do so. Accordingly, I would uphold the validity of the second deed.
MADDOX, J., concurs.